**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**CARMEN BRITT and CARMEN BRITT,**
As Executor of the Estate of Lula Baity,

                Plaintiff,        06-CV-0057S(Sr)

v.

**BUFFALO MUNICIPAL HOUSING**
**AUTHORITY, et al.,**

                Defendants.

---

### DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1)(A), for all pretrial matters, and for hearing and disposition of all non-dispositive motions or applications. Dkt. #6.

Currently before the Court is a motion brought by defendants Nelda Lawler, M.D. and Teresa Chau, M.D. to preclude, pursuant to Fed. R. Civ. P. 37, plaintiff's experts from offering testimony due to plaintiff's failure to timely and adequately serve expert disclosure. Dkt. #151.[1] Defendants also request an extension of time to serve their expert disclosure and to conduct expert depositions in accordance

---

[1] The co-defendants join in the motion to preclude. Dkt. #155 (Buffalo Municipal Housing Authority ("BMHA"), Elaine Garbe and Jeri Giwa); Dkt. #156 (Phillip Rados, M.D.); Dkt. # 157 (Grace Manor Health Care Facility, Inc. ("Grace Manor"), David J. Gentner, Mary Stephan, Kathy Randall and Tiffany Matthews); Dkt. #159 (County of Erie, the Erie County Medical Center, Jesus A. Ligott, M.D. and Jessica W. Blume, M.D.); Dkt. #163 (Crisis Services Emergency Outreach Services ("Crisis Services")).

with Fed. R. Civ. P. 26(a)(2).  Dkt. #153.[2]  Plaintiff responded to the motion by moving for an extension of time to serve expert disclosure and conduct expert depositions.  Dkt. #173.

Fed. R. Civ. P 16(b) requires that the district court enter a scheduling order setting deadlines for, *inter alia*, completion of discovery.  This Court's most recent Case Management Order set March 2, 2007 as the deadline for plaintiff to identify any expert witnesses who may be used at trial and provide reports pursuant to Fed. R. Civ. P. 26(a)(2)(B).  Dkt. #89.  Rule 26(a)(2) of the Federal Rules of Civil Procedure provides as follows:

> (A) *In General*.  In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 803, or 705.
>
> (B) Written Report.  Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.  The report must contain:
>
> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the data or other information considered by the witness in forming them;

---

[2] The following co-defendants also join in this motion: Grace Manor, David J. Gentner, Mary Stephan, Kathy Randall and Tiffany Matthews (Dkt. #164); County of Erie, the Erie County Medical Center, Jesus A. Ligott, M.D. and Jessica W. Blume, M.D. (Dkt. #165); Crisis Services (Dkt. #166); BMHA, Elaine Garbe and Jeri Giwa (Dkt. #168).

> > (iii) any exhibits that will be used to summarize or
> > support them;
> >
> > (iv) the witness's qualifications, including a list of
> > all publications authored in the previous 10
> > years;
> >
> > (v) a list of all other cases in which, during the
> > previous four years, the witness testified as an
> > expert at trial or by deposition; and
> >
> > (vi) a statement of the compensation to be paid for
> > the study and testimony in the case.
> >
> > (C) *Time to Disclose Expert Testimony*. A party must
> > make these disclosures at the times and in the
> > sequence that the court orders. . . .

The scheduling order cannot be modified except by leave of the district court upon a showing of good cause. Fed. R. Civ. P 16(b). "'Good cause' means that scheduling deadlines cannot be met despite a party's diligence." *Carnrite v. Granada Hosp. Group, Inc.*, 175 F.R.D. 439, 446 (W.D.N.Y. 1997); *see Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) ("finding of 'good cause' depends on the diligence of the moving party"); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment.").

If the scheduling order is not extended, plaintiff will find herself subject to Fed. R. Civ. P. 37(c), which provides, "[a] party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Notwithstanding the mandatory language of

the rule, courts in the Second Circuit have viewed the imposition of sanctions under the rule as discretionary and have generally not ordered preclusion." *Houlihan v. Invacare Corp.*, No. CV 2004-4286, 2006 WL 1455469, at *1 (E.D.N.Y. May 24, 2006) (collecting cases). In assessing whether a district court has exercised its discretion appropriately, the Court of Appeals for the Second Circuit considers: (1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance. *See Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006); *Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997).

Plaintiff's counsel disclosed Dr. Neil Scott, M.D., D.D.S and Victor Patnella, R.Ph. as expert witnesses in his September 30, 2006 "final notice and demand to all named defendants to settle this matter," a copy of which was provided to the Court by counsel for the defendants. Plaintiff's counsel attached to this document an affirmation of Dr. Scott and an affidavit of Mr. Patnella which addresses some, but clearly not all, of the requirements set forth in Fed. R. Civ. P. 26(a)(2)(B).

Plaintiff did not disclose Kenneth N. Condrell, Ph.D. as an expert witness but merely submitted an affidavit from Dr. Condrell in support of plaintiff's motion for a trial preference, which was filed on March 29, 2006. Dkt. #31. Attached to the affidavit is Dr. Condrell's "evaluation of Lula Baity," dated September 22, 2004. Dkt. #32. Neither document identifies Dr. Condrell as an expert witness or attempts to satisfy even the more rudimentary obligations of Fed. R. Civ. P. 26(a)(2)(B).

In his affirmation in opposition to the motion to preclude, plaintiff's counsel states that he "will file a motion for additional time to serve Dr. Stasny's report." Dkt. #160. Plaintiff's counsel identifies Dr. Stastny as a psychiatrist. Dkt. #160. Defense counsel affirms that she was unaware of the possibility that Dr. Peter Stastny would be utilized as an expert witness in this matter until she read counsel's affirmation in opposition to her motion to preclude. Dkt. #167, ¶ 22.

Plaintiff's counsel's disregard of this Court's Case Management Order and his obligations to opposing counsel pursuant to the Federal Rules of Civil Procedure evidences a dismaying lack of professionalism. Plaintiff's counsel proffers no legitimate excuse for his behavior, seeming content to rely instead upon the Court's inherent reluctance to punish a party for the inadvertence of his or her attorney.

As preclusion of plaintiff's experts would effectively extinguish plaintiff's claim, while the prejudice to defendants of extending the deadlines in the Case Management Order would be minimal given the current procedural posture of this matter, the Court will deny defendants' motion for preclusion. However, plaintiff's counsel is forewarned that further disregard of his obligations to this Court will result in sanctions.

Accordingly, defendants' motion (Dkt. #151), for preclusion is **DENIED**; defendants' motion (Dkt. #153), for extension of time to serve expert disclosure and conduct depositions of expert witnesses is **GRANTED**; and plaintiff's motion (Dkt. #173), for an extension of time to serve plaintiff's expert witness reports is **GRANTED**.

The Case Management Order is amended as follows:

Plaintiff's counsel shall provide reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) for each of the four expert witnesses he has identified, *to wit*, Neil Scott, M.D., D.D.S, Victor Patnella, R.Ph., Kenneth M. Condrell, Ph.D., and Peter Stastny, no later than **April 18, 2008.**

Defendants shall identify any expert witness who may be used at trial and provide reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) no later than **May 16, 2008**.

All expert depositions shall be completed no later than **June 27, 2008.**

All discovery in this case shall be completed no later than **July 18, 2008.**

Dispositive motions shall be filed and served no later than **September 19, 2008.**

   **SO ORDERED**.

DATED:   Buffalo, New York
         March   21  , 2008

                                                  \s\ H. Kenneth Schroeder, Jr.
                                                  **H. KENNETH SCHROEDER, JR.**
                                                  **United States Magistrate Judge**