**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**CARMEN BRITT and CARMEN BRITT,**
**As Executor of the Estate of Lula Baity,**

       **Plaintiffs,**     **06-CV-0057S(Sr)**

**v.**

**BUFFALO MUNICIPAL HOUSING**
**AUTHORITY, et al.,**

       **Defendants.**

---

**DECISION AND ORDER**

    This case was referred to the undersigned by the Hon. William M.

Skretny, in accordance with 28 U.S.C. § 636(b)(1)(A), for all pretrial matters, and for

hearing and disposition of all non-dispositive motions or applications.  Dkt. #6.

    Currently before the Court are defendants' motions seeking to strike those

portions of plaintiffs' first amended complaint which are in violation of this Court's

Decision and Order (Dkt. #182), entered September 28, 2007, which granted in part

and denied in part plaintiffs' motion to file an amended complaint.  Dkt. ##186, 188,

189, 190, 191, 192 & 194.[1]  Following that decision, plaintiffs filed an amended

complaint asserting the following causes of action:

---

[1] Defendants collectively seek to strike 81 paragraphs of plaintiffs' 153-paragraph complaint, *to wit,* paragraphs 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 26, 28, 31, 38, 40, 42, 43, 45, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 82, 83, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 136, 138, 140, 142, 143, 144, 146, 148, 149, 150, 151 & 152.

(1)   violation of Lula Baity's constitutional right to procedural due process for defendants' failure to initiate guardianship proceedings;

(2)   commission of a fraud upon Lula Baity by defendants Giwa, Merrill, Dr. Lawler and Dr. Chau;

(3)   seizure, detention and false imprisonment of Lula Baity in violation of the Fourth Amendment to the United States Constitution;

(4)   violation of Lula Baity's constitutional right to procedural due process with respect to her removal from her apartment and confinement at the Erie County Medical Center ("ECMC"), and Grace Manor Health Care Facility, Inc. ("Grace Manor");

(5)   invasion of Lula Baity's constitutional right to privacy;

(6)   assault and battery upon Lula Baity;

(7)   malicious civil eviction proceeding against Lula Baity;

(8)   abuse of the judicial process against Lula Baity;

(9)   deprivation of Lula Baity's property without due process of law;

(10) medical malpractice against Lula Baity by Dr. Lawler, Dr. Chau, Dr. Ligott, Dr. Rados and Dr. Blume; and

(11) retaliation against Carmen Britt for exercise of her constitutional right to petition the Court in redress of grievances.

Dkt. #185.  Plaintiffs seek compensatory and punitive damages for emotional distress and mental anguish, as well as pecuniary damages.  Dkt. #185.

## DISCUSSION AND ANALYSIS

Rule 12(f) of the Federal Rules of Civil Procedure provides that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  However, motions to strike "are generally disfavored and will not be granted unless the matter asserted clearly has no bearing on the issue in dispute."  *Smith v. AVSC Intern'l, Inc.*, 148 F. Supp.2d 302, 317 (S.D.N.Y. 2002).  "To prevail in such a motion, defendants must demonstrate that (1) no evidence in support of the allegations would be admissible; (2) that the allegations have no bearing on the issues in the case; and (3) that to permit the allegations to stand would result in prejudice to the movant."  *Roe v. City of New York*, 151 F. Supp.2d 495, 510 (S.D.N.Y. 2001) (internal quotation omitted).  "Inappropriately hyperbolic allegations, ill-conceived attempts at levity, and other similar manifestations of bad judgment in drafting pleadings, by themselves, fall short of the threshold that Rule 12(f) contemplates."  *Saylavee LLC v. Hockler*, 228 F.R.D. 425, 426 (D. Conn. 2005).  Concerns that a jury may be prejudiced by allegations in a complaint are also insufficient, as the Court does not submit pleadings to a jury in civil cases.  *See National Council of Young Israel v. Wolf*, 963 F. Supp. 276, 282 (S.D.N.Y. 1997).  A motion to strike is committed to the Court's discretion.  *Morse v. Weingarten*, 777 F. Supp. 312, 319 (S.D.N.Y. 1991).

Non-Parties Stadelmeyer, Dudkowski and Lindner

In its Decision and Order regarding plaintiffs' motion to amend the complaint, the Court determined that plaintiffs could not assert a cause of action for

gross negligence and malpractice (other than medical malpractice), against Jill Stadelmeyer, the Certified Social Worker employed by Crisis Services Emergency Outreach Services ("Crisis Services"), who requested Ms. Baity's transport to ECMC. *See* Dkt. #182, pp.19-20.  The Court similarly determined that plaintiffs could not assert a cause of action for gross negligence and malpractice (other than medical malpractice), against Michael Dudkowski and Christy Lindner, the ambulance drivers for Rural/Metro Medical Service ("Rural/Metro), who transported Lula Baity to ECMC.  *See* Dkt. #182, pp.20-21.  As a result, defendants seek to eliminate any mention of Ms. Stadelmeyer, Mr. Dudkowski and Christy Lindner in the factual allegations of the first amended complaint. *See* paragraphs 16, 17, 22, 23, 24, 26.  However, the involvement of these individuals in the transportation of Lula Baity to ECMC is relevant to the issues to be resolved in this action regardless of the viability of a cause of action against them. Accordingly, these factual allegations should not be stricken.

"Conspiracy" Paragraphs

In its Decision and Order regarding plaintiffs' motion to amend the complaint, the Court determined that plaintiffs could not assert a conspiracy pursuant to 42 U.S.C. § 1985(3).  *See* Dkt. #182, pp.6-9.  As a result of this determination, defendants appear to seek to strike any allegation which mentions any conversation with or interaction between more than one defendant and any cause of action based upon any such allegations, *to wit*, paragraphs 15, 17, 18, 24, 38, 40, 45, 85, 88, 124, 128, 130, 132, 142, 143, 148.  For example, paragraph 45 alleges that the ECMC defendants, acting at the directive of Ms. Giwa, transferred Lula Baity to Grace Manor in

violation of Lula Baity's procedural due process rights.  Paragraph 85 alleges that Dr.

Liggott, Dr. Rados, Dr. Blume, Dr. Lawler, Dr. Chau, ECMC and Grace manor owed a

duty of reasonable care to Lula Baity.   However, the factual allegations at issue in

these paragraphs are obviously relevant to other causes of action and to plaintiffs' claim

for damages.  Accordingly, defendants' motions to strike these paragraphs are denied.

> In contrast, paragraph 19 of plaintiffs' first amended complaint alleges that
>
> In willfully participating in said plan in furtherance of the
> initial goals to permanently remove Ms. Baity from her home
> and confine her at defendant Grace Manor nursing home,
> defendants Giwa, Garbe, Gentner, Stephan, Randall,
> Matthews, Merrill, Mailloux, Drs. Ligott, Rados, Blume,
> Lawler and Chau (and non-parties Stadelmeyer, Paluh and
> Myers), willfully participated and/or acted in concert to
> violate Ms. Baity's constitutional rights.  Moreover,
> Defendants' actions were indisputably part of the same
> course of conduct or common scheme or plan to violate Ms.
> Baity's constitutional rights and Defendants each committed
> an overt act in furtherance of said plan and initial goal
> causing plaintiff Baity injury and damage.

Dkt. #185, ¶ 19.  As this paragraph can only be read as attempting to assert a cause of

action pursuant to 42 U.S.C. § 1985, the Court orders this paragraph stricken.

Paragraphs 20 & 21

Defendants complain that paragraph 20 of the first amended complaint

fails to specify which defendants were allegedly acting within the scope of their

employment and that paragraph 21 of the first amended complaint fails to specify which

defendants were allegedly acting under color of state law.  In fact, paragraphs 20 & 21

allege that the "individual named Defendants" were acting within the scope of their

employment and under color of state law.  The individual (as opposed to the corporate),

defendants are free to deny these allegations, but the Court finds no basis to strike

them.


Paragraph 28

> Paragraph 28 of the first amended complaint alleges that
>
> Defendants Ligott, Rados and Blume, (and non-parties
> Stadelmeyer, Dudkowski, Lindner), were negligent and/or
> grossly negligent and rendered malpractice by failing to
> minimally ascertain, by taking a brief history or conduct
> minimal investigation, to validate defendant Giwa's
> representations and/or credentials as a "social worker," a
> bona fide person duly authorized to act under Mental
> Hygiene Law § 9.40-45.

Dkt. #185, ¶ 28.  As set forth above, in its Decision and Order regarding plaintiffs'

motion to amend the complaint, the Court determined that plaintiffs could not assert a

cause of action for gross negligence and malpractice (other than medical malpractice),

against Jill Stadelmeyer, Michael Dudkowski and Christy Lindner. *See* Dkt. #182,

pp.20-21.  The Court also determined that plaintiffs could not assert a cause of action

for negligence and gross negligence against Dr. Ligott, Dr. Rados and Dr. Blume.  *See*

Dkt. #182, pp.17-18.  Moreover, to the extent these individuals were relying upon the

determination of Ms. Stadelmeyer to transport Lula Baity to ECMC, they were not under

any obligation to ascertain any information regarding the credentials of Ms. Giwa.

Accordingly, paragraph 28 of the first amended complaint is stricken.

Paragraph 31

          Paragraph 31 of the first amended complaint alleges that "[t]he transport of Ms. Baity by [Rural/Metro] to ECMC did not comply with the transportation provisions of New York Mental Hygiene Law."  Dkt. #185, ¶ 31.  Defendants argue that these allegations should be stricken because Rural/Metro is not a party to this action.  Although the fact that Rural/Metro employees transported Lula Baity to ECMC is relevant to an understanding of the factual circumstances surrounding this dispute, the allegation that Rural/Metro violated the New York Mental Hygiene Law is only relevant to a determination of liability against Rural/Metro.  As they are not a party to this action, paragraph 31 of the first amended complaint is stricken.

Paragraphs 42 & 43

          In its Decision and Order regarding plaintiffs' motion to amend the complaint, the Court determined that plaintiffs could not assert a cause of action for battery because any such claim was barred by the statute of limitations.  *See* Dkt. #182, pp.14-16.  Defendants argue that this determination bars plaintiffs from asserting that defendants "committed an assault against [Lula Baity's] person by subjecting [her] to forced physical and mental examinations and administration of medications" or that defendants overrode Lula Baity's "protests to the unwanted interference and assault against her autonomy."  Dkt. #185, ¶¶ 42, 43.   As this use of assault is colloquial rather than legal, the Court declines to strike these paragraphs.

Paragraphs 51 & 52

In its Decision and Order regarding plaintiffs' motion to amend the complaint, the Court noted that plaintiffs had misrepresented the contents of documents referenced in the proposed amended complaint.  *See* Dkt. #182, p.11.  Plaintiffs failed to correct these misrepresentations in their first amended complaint and now seek the opportunity to correct the error.  Dkt. #197, pp.10-11.  Although the purpose of a motion to strike is not to correct factual inaccuracies within a complaint, plaintiffs are granted permission to correct this misrepresentation and allege that Cindy Paluh responded to the statement, "Person has a home in the community (owns or rents a home, lives in an Adult Care Facility or with family or friends) and that place is still available OR appropriate community based living can be arranged OR the person is eligible for an Adult Care Facility" by checking the box indicating "No" and explaining that "Pt brought in by Crisis Services/BMHA SW – unsafe at home due to dementia [with] confusion."

Paragraph 53

In its Decision and Order regarding plaintiffs' motion to amend the complaint, the Court denied plaintiffs' motion to amend the complaint to assert fraud, denial of procedural due process or deprivation of property without due process against Cindy Paluh.  *See* Dkt. #182, pp.11-12 & 24.  However, this determination does not affect plaintiffs' ability to set forth the factual allegation that Ms. Paluh checked a box on a form indicating Lula Baity's diagnosis of dementia.  Accordingly, the motion to strike paragraph 53 is denied.

Paragraph 54

In its Decision and Order regarding plaintiffs' motion to amend the complaint, the Court determined that although the discharge summary from ECMC, which was attached to the motion, indicated a discharge diagnosis of "Rule out dementia," plaintiffs alleged that ECMC has "'ruled out' (i.e., r/o) dementia as a diagnosis."  *See* Dkt. #182, p.11.  Accordingly, defendants seek to strike paragraph 54, which continues to allege that ECMC had "ruled out' (i.e., r/o) dementia as a diagnosis." Plaintiffs seek the opportunity to correct this error.  Dkt. #197, pp.10-11.  Although the purpose of a motion to strike is not to correct factual inaccuracies within a complaint, plaintiffs are granted permission to correct this misrepresentation and allege that Lula Baity's treating doctors at ECMC had each indicated a discharge diagnosis of "Rule out dementia."

Paragraphs 55-58

In its Decision and Order regarding plaintiffs' motion to amend the complaint, the Court denied plaintiffs' motion to amend the complaint to assert fraud, denial of procedural due process or deprivation of property without due process against Cindy Paluh.  *See* Dkt. #182, pp.11-12 & 24.  However, this determination does not affect plaintiffs' ability to set forth factual allegations regarding Ms. Paluh's interaction with Lula Baity.  As these factual allegations may be relevant to provide context or evidence in support of other causes of action or to support plaintiffs' claim for damages, this aspect of defendants' motions to strike is denied.

Paragraphs 61 & 62

In its Decision and Order regarding plaintiffs' motion to amend the complaint, the Court determined that plaintiffs could not assert a cause of action for battery because any such claim was barred by the statute of limitations.  *See* Dkt. #182, pp.14-16.  Defendants argue that this determination bars plaintiffs from asserting that defendants "committed an assault against [Lula Baity's] person by subjecting [her] to forced physical and mental examinations and administration of medications" or that defendants overrode Lula Baity's "protests to the unwanted interference and assault against her autonomy."  Dkt. #185, ¶¶ 61, 62.  As this use of assault is colloquial rather than legal, the Court declines to strike these paragraphs.

Medical Malpractice

In its Decision and Order regarding plaintiffs' motion to amend the complaint, the Court determined that plaintiffs could not assert a cause of action for negligence because any alleged negligence clearly occurred in the context of Ms. Baity's medical treatment, which requires a cause of action sounding in medical malpractice and that plaintiff could not assert a cause of action for gross negligence because there was no claim that Ms. Baity was abandoned. *See* Dkt. #182, pp.14-16. Since medical malpractice is the cause of action for allegations of negligence by a medical provider, there is no basis to strike plaintiffs' factual assertion that Dr. Lawler Dr. Chau and Dr. Rados were negligent and breached their duty of reasonable care.  In addition, although inartful, the Court interprets plaintiffs' factual allegation of gross negligence as an allegation supporting punitive damages.  Contrary to counsel's

characterization,[2] the Court's Decision and Order regarding plaintiffs' motion to amend

the complaint did not deny plaintiffs' claim for punitive damages.  Accordingly, the Court

declines to strike paragraphs 63, 86, 87 & 88.


Paragraphs 64-72

In its Decision and Order regarding plaintiffs' motion to amend the

complaint, the Court determined that plaintiffs could not assert a cause of action for

dental malpractice against Dr. Lawler because Dr. Lawler is not a dentist and that

plaintiffs could not assert a cause of action for dental malpractice against Grace Manor

because Grace Manor did not render dental treatment to Ms. Baity.  *See* Dkt. #182,

pp.13-14.  That does not, however, preclude plaintiffs from alleging that Dr. Lawler

and/or other employees of Grace Manor improperly consented to the removal of Lula

Baity's teeth by the dentist and/or altered medical records to falsely indicate Ms. Baity's

consent to dental procedures.  Accordingly, there is no basis to strike these allegations.


Paragraphs 89-96

Defendants seek to strike paragraphs 89 through 96 because they follow

the heading "Defendants Garbe and Giwa conspire to evict the elderly Ms. Lula Baity

from her apartment" and purportedly elaborate on the precluded conspiracy theory.

Dkt. #189, ¶¶ 18-20.  As the heading is not an allegation within the complaint and the

factual allegations at paragraphs 89-96 do not elaborate on any conspiracy theory,

there is no basis to strike these paragraphs.

---

[2] See Dkt. #189, ¶ 39; Dkt. #190, ¶ 5.

Vague & Ambiguous

Counsel for Dr. Lawler and Dr. Chau seeks to strike paragraphs 48, 49, 50, 59, 60, 61, 62, 82, 83, 86, 124, 126, 128, 130, 132, 136, 138, 140, 143, 146, 148, 149, 150 & 152 on the ground that they are constructed in such a manner that "Dr. Lawler and Dr. Chau cannot fairly be expected to frame a response or denial without the risk of being prejudiced."  Dkt. #189, ¶ 45.  Alternatively, counsel for Dr. Lawler and Dr. Chau appear to seek "a more definite statement."  Dkt. #189, ¶ 45.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires nothing more than that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 12(e) of the Federal Rules of Civil Procedure applies when an allegation "is so vague or ambiguous that the party cannot reasonably prepare a response."  None of the paragraphs complained of are so vague or ambiguous that defendants could not be expected to respond to them and the complaint clearly exceeds the level of detail required pursuant to Rule 8(a)(2).  Accordingly, this aspect of defendants' motions is denied.

Identifying Defendants

Defendants seek to require plaintiffs to identify by name each defendant included in plaintiffs' first, second, third, fourth, fifth and first joint cause of action. Plaintiffs "have no objection to identifying the defendants by name as to each of the causes of action."  Dkt. #197, p.11.  Accordingly, plaintiffs shall file a second amended complaint identifying by name each defendant included in plaintiffs' first, second, third, fourth and fifth causes of action.

Sixth Cause of Action – Assault and Battery

Defendants seek to strike the sixth cause of action for assault and battery. Plaintiffs "have no objection to withdrawing their sixth cause of action sounding in battery." Dkt. #197, p.11.  Accordingly, the sixth cause of action (paragraphs 133 & 134), is stricken.

Tenth Cause of Action

Plaintiffs' tenth cause of action alleges that Dr. Lawler, Dr. Chau, Dr. Ligott, Dr. Rados and Dr. Blume performed medical malpractice against Lula Baity and that they acted in a manner constituting a gross and reckless disregard to their obligations to Lula Baity.  Defendants seek to strike the allegations of gross negligence as violative of this Court's Decision and Order regarding plaintiffs' motion to amend the complaint.  In that Decision and Order, however, the Court denied plaintiffs' motion to assert a separate cause of action for gross negligence.  *See* Dkt. #182, pp.16-18 However, these allegations are relevant to plaintiffs' claim for punitive damages with respect to their medical malpractice cause of action.  Accordingly, this aspect of defendants' motions to strike is denied.

First Joint Cause of Action

Plaintiffs' First Joint Cause of Action is not a separate cause of action but a demand for compensatory, punitive and pecuniary damages.  The Court finds no basis to strike these demands, which are identical to the demands set forth in plaintiffs' proposed amended complaint which were not challenged during motion practice with respect to the proposed amended complaint.

Remaining Paragraphs

Defendants' motions to strike paragraphs which reference paragraphs which the Court has declined to strike are denied.


**CONCLUSION**

For the foregoing reasons, it is hereby **ORDERED** that defendants' motions to strike (Dkt. ##186, 188, 189, 190, 191, 192 & 194), are granted in part and denied in part.  Specifically, paragraphs 19, 28, 31, 133 & 134 of the first amended complaint are stricken and plaintiffs are granted permission to correct paragraphs 51, 52 & 54 and to identify by name each defendant included in plaintiffs' first, second, third, fourth, fifth and first joint cause of action.  Plaintiffs shall file their second amended complaint, in accordance with this decision, no later than **October 31, 2008**.


**SO ORDERED.**


DATED:      Buffalo, New York
            September 30, 2008


                            *s/ H. Kenneth Schroeder, Jr.*
                            **H. KENNETH SCHROEDER, JR.**
                            **United States Magistrate Judge**