**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**CARMEN BRITT and CARMEN BRITT,**
As Executor of the Estate of Lula Baity,

                        Plaintiff,          06-CV-0057S(Sr)

v.

**BUFFALO MUNICIPAL HOUSING**
**AUTHORITY, et al.,**

                        Defendants.

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1)(A), for all pretrial matters, and for hearing and disposition of all non-dispositive motions or applications. Dkt. #6.

Currently before the Court are the following motions:

(1) defendants' motions to preclude plaintiff's purported expert, Charles Patrick Ewing, J.D., Ph.D., from offering evidence due to plaintiff's failure to timely and adequately serve expert disclosure (Dkt. ##211, 213, 214[1], 215, 216, & 218);

(2) defendant Nelda Lawler, M.D., Teresa Chau, M.D., Buffalo Municipal Housing Authority, Elaine Garbe and Jeri Giwa's motion to preclude plaintiff's purported expert witnesses, Neil Scott, M.D., D.D.S. and Richard Patnella, R.Ph, from offering evidence because their opinions do not relate to causes of

---

[1] Although Dkt. #214 is an affidavit, rather than a Notice of Motion, it seeks to join defendants' motion to preclude.

> action properly before the Court; to preclude plaintiff's purported expert witness, Kenneth M. Condrell, Ph.D., for failing to comply with expert disclosure rules; and to preclude plaintiff's purported expert witness, Peter Stastny, M.D., from presenting opinion evidence with respect to non-parties and causes of action not properly before the court (Dkt. ##218 & 221); and
>
> (3) plaintiff's motion for leave to file a supplemental reply affirmation in further opposition to defendants' motions to preclude.

Dkt. #231.  For the following reasons, defendants' motions to preclude Dr. Ewing are granted; defendants' motions to preclude Dr. Scott, Mr. Patnella; Dr. Condrell; and Dr. Stastny are denied without prejudice; and plaintiff's motion for leave to file a supplemental reply is denied.

**Supplemental Reply Affirmation**

Plaintiff moves for an extension of time to file a supplemental reply affirmation in further opposition to defendants' motions to preclude plaintiff's expert witnesses from offering evidence.  Dkt. #231.

Defendants oppose the motion on the grounds that the supplemental reply affirmation is "little more than a rehashing of plaintiff's previous arguments."  Dkt. #233, ¶ 4.

As plaintiff was afforded an opportunity to respond to defendants' motions and there is no indication that defendants' reply to plaintiff's response raised new issues to be addressed, the Court finds no basis for allowing plaintiff the opportunity to

file a supplemental reply.  Accordingly, plaintiff's motion (Dkt. #231), for an extension of time to file a supplemental reply affirmation in further opposition to defendants' motions to preclude plaintiff's expert witnesses is denied.

**Charles Patrick Ewing, J.D., Ph.D.**

On October 10, 2006, this Court entered a Case Management Order setting March 2, 2007 as the deadline for plaintiff to identify any expert witnesses who might be used at trial and provide reports pursuant to Fed. R. Civ. P. 26(a)(2)(B).  Dkt. #89.  Plaintiff failed to do so and defendants moved, pursuant to Fed. R. Civ. P. 37, to preclude plaintiff from offering expert witness testimony.  Dkt. #151.

Although the Court found no basis to excuse counsel's failure to comply with Fed. R. Civ. P. 26(a)(2)(B) within the time set forth in the Case Management Order, it recognized that preclusion of plaintiff's experts would effectively extinguish plaintiff's claim.  Dkt. #208, p.5.  As a result, the Court denied defendants' motion to preclude and permitted plaintiff to

> provide reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) for each of the four expert witnesses he has identified, *to wit*, Neil Scott, M.D., D.D.S, Victor Patnella, R.Ph., Kenneth M. Condrell, Ph.D., and Peter Stastny, no later than **April 18, 2008.**

Dkt. #208.

On April 15, 2008, plaintiff served expert witness reports for Neil Scott, M.D., D.D.S; Victor Patnella, R.Ph.; Kenneth M. Condrell, Ph.D.; Peter Stastny, M.D.;

and Charles Patrick Ewing, J.D., Ph.D.  Dkt. #224, ¶ 25.  Plaintiff submits that it was proper to add Dr. Ewing as an expert witness so long as he was disclosed by the April 18, 2008 deadline.  Dkt. #224, ¶ 24.  Alternatively, plaintiffs state that they did not realize the need to retain an expert regarding procedural due process in commitment proceedings until plaintiffs' counsel consulted with Dr. Stastny.  Dkt. #224, ¶ 27.  Plaintiff affirms that:

> Dr. Ewing is perhaps the single most important expert witness in Plaintiff's case.  His testimony is vital and essential to Plaintiff's procedural due process claims.  It would be fundamentally unfair and prejudicial if this witness was to be precluded.

Dkt. #224, ¶ 35.

There is no basis for plaintiff to believe that the Court's Order excusing her failure to comply with Fed. R. Civ. P. 26(a)(2)(B) and extending the deadline for plaintiff to provide written reports with respect to four expert witnesses would permit her to disclose a fifth expert witness more than one year after the deadline set in the Court's Case Management Order.  Moreover, the Court notes that Dr. Ewing's expert witness affirmation is dated December 28, 2007, which means that plaintiff retained Dr. Ewing as an expert witness during the course of motion practice with respect to the prior motion to preclude and received his expert witness affirmation while that motion was under advisement, but failed to alert the Court or opposing counsel of  the possibility of a fifth expert witness.

The Court rejects plaintiff's alleged lack of understanding of the need for an expert witness to testify regarding procedural due process in commitment

proceedings as plaintiff's complaint has been permeated with references to alleged violations of plaintiff's right to procedural due process from the onset of this action. *See, e.g.*, Dkt. #1-2, ¶ ¶ 19, 82, 86, 88, 90, 92, 94, 102, 104, 105 & 107  (alleging "denial of due process in connection with Plaintiff's rights as guaranteed by New York Mental Hygiene Law."); Dkt. #1-2, ¶ 27 (alleging that plaintiff's "involuntary seizure" and "confinement" was "in violation of due process and her rights as guaranteed by the United States Constitution, New York State Mental Hygiene Law and laws of the State of New York."); Dkt. #1-2, ¶ 84 (alleging plaintiff "was deprived of her full panoply of procedural due process safeguards").  Furthermore, plaintiff's counsel advised the Court that he had retained Dr. Stastny as an expert witness in this matter during the course of motion practice with respect to the prior motion to preclude expert testimony and Dr. Stastny's report opines that Lula Baity's removal from her home "pursuant to a pick-up order issued under Section 9.45 of the New York State Mental Hygiene Law" and her transport to the Erie County Medical Center "was in violation of her rights as guaranteed by the New York Mental Hygiene Law."  Dkt. #218-6, p.5.  Thus, not only was counsel aware of the need for expert testimony on this topic, he actually obtained such an opinion.  Moreover, the existence of Dr. Stastny's opinion on the topic to be addressed by Dr. Ewing substantially undermines counsel's claim of prejudice should the motion to preclude be granted.

In contrast, defendants' have been prejudiced by plaintiff's disregard of the Court's Orders, which has required preparation of two motions to preclude and has collectively delayed this action for more than a year.  The Court must consider its own

integrity and the impact of allowing counsel, without justification, to disregard an Order setting a deadline for expert witness disclosure and then exceed the scope of an Order permitting belated disclosure. In light of these considerations, defendants' motion to preclude Charles Patrick Ewing, J.D., Ph.D., from offering expert witness testimony in this case, whether at trial or in motion practice, is granted.

**Neil Scott, M.D., D.D.S.**

Defendants challenge the factual basis for Dr. Scott's expert opinion that Dr. Lawler was grossly negligent and committed malpractice in executing a consent form for the removal of Ms. Baity's teeth. Dkt. #218-2, ¶ 6. Defendants also argue that plaintiff should not be permitted to present expert witness testimony in support of claims which are not before the Court, *to wit,* dental malpractice and gross negligence. Dkt. #218-2, ¶ ¶ 10-12.

> Plaintiff responds that
>
> Dr. Scott will not be testifying that defendants rendered dental malpractice or negligence in this case. However, Dr. Scott will testify that based upon the conduct of defendants Lawler and Chau that their actions and/or omissions towards Ms. Baity, based on the facts presented, constituted medical malpractice.

Dkt. #224, ¶ 39.

While the Court is sensitive to the suggestion in Dr. Scott's expert witness report that Dr. Lawler provided consent for the dental procedure, even though the

document which Dr. Lawler executed is clearly labeled a Request for Medical Clearance, the Court is of the opinion that a motion to preclude is not the most appropriate means to resolve this discrepancy and that the proper scope of Dr. Scott's expert testimony is best determined through a motion *in limine* addressed to the trial court once dispositive motions have been resolved.

**Victor Patnella, R.Ph.**

Defendants seek to preclude Mr. Patnella from rendering an opinion as to the propriety of Dr. Lawler and Dr. Chau prescribing and administering Risperdal to Ms. Baity because Mr. Patnella is a pharmacist and not a medical doctor. Dkt. #218-2, ¶ 16.

Plaintiff responds that there is nothing improper about a pharmacist offering expert testimony in a medical malpractice case. Dkt. #224, ¶ 41.

The Court agrees that there is nothing before the Court to suggest that Mr. Patnella is not qualified to provide expert testimony as to the accepted pharmaceutical uses of Risperdal and the FDA's black box warning and contraindications for this prescription drug. Accordingly, defendants' motion to preclude Mr. Patnella from offering expert testimony is denied. Concerns about the proper scope of Mr. Patnella's expert testimony are best resolved through a motion *in limine* addressed to the trial court following resolution of dispositive motions.

**Kenneth N. Condrell, Ph.D.**

Defendants seek to preclude Dr. Condrell from offering expert testimony because his expert witness report failed to set forth the type of examination and/or evaluation he conducted upon Ms. Baity. Dkt. #218-2, ¶ 27. Defendants also seek to preclude Dr. Condrell from offering an opinion to a reasonable degree of medical certainty because he is not a medical doctor. Dkt. #218-2, ¶ 29. Finally, defendants seek to preclude Dr. Condrell from offering expert testimony to the extent his opinion is based upon conversations with Ms. Baity's family members and friends. Dkt. #218-2, ¶ 29.

Plaintiff responds that, on June 6, 2008, Dr. Condrell's report was supplemented to provide the information sought by defendants. Dkt. #224, ¶ 47.

As plaintiff has supplemented Dr. Condrell's written report to provide the information defendants sought, the Court finds the motion to preclude Dr. Condrell from offering expert witness testimony is moot. Any concerns regarding the proper scope of Dr. Condrell's testimony should be addressed to the trial court at the appropriate time.

**Peter Stastny, M.D.**

Defendants move to preclude Dr. Stastny from offering expert witness testimony because his opinion is not based upon accurate facts and because he opines about the actions of non-parties and expresses an opinion regarding causes of action which are not currently before the Court. Dkt. #218-2, ¶ ¶ 32-39.

Plaintiff responds that defendants' argument is without merit.  Dkt. #22, ¶ 50.

Dr. Stastny is clearly competent to provide expert testimony regarding standards for involuntary removal and involuntary hospitalization of individuals under the Mental Hygiene Law.  Concerns about the proper scope of Dr. Stastny's expert testimony are best resolved through a motion *in limine* addressed to the trial court following resolution of dispositive motions.

## **CONCLUSION**

For the foregoing reasons, it is hereby **ORDERED** that:

(1) defendants' motions to preclude plaintiff's purported expert, Charles Patrick Ewing, J.D., Ph.D., from offering evidence due to plaintiff's failure to timely and adequately serve expert disclosure  (Dkt. ##211, 213, 214, 215, 216, & 218), are **GRANTED**;

(2) defendant Nelda Lawler, M.D., Teresa Chau, M.D., Buffalo Municipal Housing Authority, Elaine Garbe and Jeri Giwa's motion to preclude plaintiff's purported expert witnesses, Neil Scott, M.D., D.D.S. and Richard Patnella, R.Ph, from offering evidence because their opinions do not relate to causes of action properly before the Court; to preclude plaintiff's purported expert witness, Kenneth M. Condrell, Ph.D., for failing to comply with expert disclosure rules; and to preclude plaintiff's purported expert witness, Peter Stastny, M.D., from presenting opinion evidence with respect to non-parties and causes of action not properly before the court (Dkt. ##218 & 221), are **DENIED WITHOUT PREJUDICE**; and

  (3) plaintiff's motion for leave to file a supplemental reply
affirmation in further opposition to defendants'
motions to preclude (Dkt. #231), is **DENIED**.


**SO ORDERED.**


**DATED:**  **Buffalo, New York**
     **March 23, 2009**

                 **s/ H. Kenneth Schroeder, Jr.**
                 **H. KENNETH SCHROEDER, JR.**
                 **United States Magistrate Judge**