UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CARMEN BRITT and CARMEN BRITT,
As Executor of the Estate of Lula Baity,

                            Plaintiffs,          06-CV-0057S(Sr)

v.

BUFFALO MUNICIPAL HOUSING
AUTHORITY, et al.,

                            Defendants.

---

### REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1)(A), for all pretrial matters, and for hearing and disposition of all non-dispositive motions or applications. Dkt. #6.

By letter dated February 13, 2009, counsel informed the Court and opposing counsel, including plaintiffs' counsel, that defendant Jeri Giwa died on February 8, 2009. Counsel noted that no action could be maintained against Ms. Giwa unless and until her estate was substituted into this action.

In opposition to plaintiffs' motion to file a third amended complaint (Dkt. #255), counsel argued that all claims against defendant Giwa must be dismissed due to plaintiffs' failure to move to substitute a party within 90 days of service of a statement noting the death of Ms. Giwa. Dkt. #260, ¶ 10.

## DISCUSSION AND ANALYSIS

Rule 25(a)(1) of the Federal Rules of Civil Procedure requires that a motion for substitution must be filed no later than 90 days after the death of a party is suggested on the record. If a motion for substitution is not filed, Fed. R. Civ. P. 25(a)(1) provides that the action shall be dismissed as to the deceased party.

Defendant Jeri Giwa's death was properly "suggested on the record" by letter served upon the Court and all counsel, including plaintiffs' counsel, on February 19, 2009 and again by electronic filing on October 22, 2009. Dkt. #260-2. *See Steward v. City of New York,* No. 04-CV-1508, 2007 WL 2693667 (E.D.N.Y. 2007) (electronic filing suggested death on the record); *Jones Inlet Marina, Inc. v. Inglima*, 204 F.R.D. 238 (E.D.N.Y. 2001) (service of letter by mail upon all parties satisfies Fed. R. Civ. P. 5(b)). As more than 90 days have elapsed since the death of defendant Jeri Giwa was suggested on the record, and plaintiffs failed to request an extension of the deadline for moving for substitution prior to the expiration of that deadline, it is recommended that the Court dismiss this action against defendant Jeri Giwa. *See Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 470 (2d Cir. 1998); *Steward,* 2007 WL 2693667, at *5.

## CONCLUSION

For the foregoing reasons, it is recommended that this action be dismissed against defendant Jeri Giwa for plaintiffs' failure to move to substitute a proper party within 90 days of the suggestion on the record of Jeri Giwa's death.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Crim.P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to**

**comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.**

       **SO ORDERED.**

DATED:    Buffalo, New York
               May 25, 2010

                                                                **s/ H. Kenneth Schroeder, Jr.**
                                                                **H. KENNETH SCHROEDER, JR.**
                                                                **United States Magistrate Judge**